UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

EDWIN HIDALGO ESTEVEZ,

                                 Plaintiff,

    -against-

CITY OF NEW YORK, DANIEL FOX, Individually,
JORGE RODRIGUEZ, Individually, ROBERT LAPOLLO,
Individually, DAVID WALSH, Individually,
BRADFORD MILLER, Individually, JOHN MCMANUS,
Individually, and OLIVER PU-FOLKS, Individually,

                                 Defendants,

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

------------------------------------------------------------------------------X

       Plaintiff EDWIN HIDALGO ESTEVEZ, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

       4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff EDWIN HIDALGO ESTEVEZ is a thirty-four-year-old Hispanic man residing in Bronx, New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, the individually named defendants DANIEL FOX, JORGE RODRIGUEZ, and ROBERT LAPOLLO were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the individually named defendants DAVID WALSH, BRADFORD MILLER, JOHN MCMANUS, and OLIVER PU-FOLKS were acting under the supervision of the New York State Office of the Attorney General's (hereinafter "OAG") Organized Crime Task Force (hereinafter "OCTF"), and were acting according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On or about September 21, 2021, at approximately 6:00 a.m., plaintiff EDWIN HIDALGO ESTEVEZ was falsely arrested in his residence located at 150 West 195th Street, Bronx, New York.

14. Plaintiff was arrested based on a faulty investigation conducted by officers and supervisors of the NYPD and OCTF, including defendants DANIEL FOX, JORGE RODRIGUEZ, ROBERT LAPOLLO, DAVID WALSH, BRADFORD MILLER, JOHN MCMANUS, and OLIVER PU-FOLKS.

15. Defendants accused plaintiff of being involved in an auto theft and distribution ring.

16. There was no basis to believe plaintiff was involved in the illegal conduct he was accused of, and it should have been obvious and readily apparent to defendants based on their investigation that the individual who defendants believed to be plaintiff was in fact not plaintiff.

17. Despite any reasonable belief or sufficient evidence to believe that plaintiff was involved in the auto theft ring, plaintiff was transported to the 44th Police Precinct in over tight handcuffs and imprisoned therein.

18. Plaintiff was arraigned and prosecuted in Bronx County Supreme Court – Criminal Term, without probable cause, under Indictment No. 01208-2021. The defendant officers initiated said prosecution with malice.

19. Defendants created and manufactured false evidence which they conveyed to the Bronx County District Attorney's office which used same against plaintiff in the aforementioned legal proceedings. Specifically, defendants swore to false allegations which formed the basis of the criminal indictment filed against plaintiff.

20. As a result of the defendants' conduct, plaintiff was compelled to return to court until October 15, 2021, when the Bronx County District Attorney's Office dismissed all charges against plaintiff.

21. Defendants JORGE RODRIGUEZ, ROBERT LAPOLLO, BRADFORD MILLER, JOHN MCMANUS, and OLIVER PU-FOLKS directly participated as supervisors in the investigation conducted by defendants DANILE FOX and DAVID WALSH, which led to the false arrest and malicious prosecution of plaintiff.

22. The above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of inadequate investigations and falsification by NYPD officers.

23. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding conducting investigations and engage in a practice of falsification.

24. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

Informal inquiry by the court and among judges of this court, as well as knowledge

4

of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

25. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

26. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff EDWIN HIDALGO ESTEVEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

30. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31. As a result of the foregoing, plaintiff EDWIN HIDALGO ESTEVEZ sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 Against the Individually Named Defendants)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants arrested plaintiff EDWIN HIDALGO ESTEVEZ without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

34. Defendants caused plaintiff EDWIN HIDALGO ESTEVEZ to be falsely arrested and unlawfully imprisoned.

35. As a result of the foregoing, plaintiff EDWIN HIDALGO ESTEVEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983 Against the Individually Named Defendants)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants initiated, commenced and continued a malicious prosecution against plaintiff EDWIN HIDALGO ESTEVEZ.

38. Defendants caused plaintiff EDWIN HIDALGO ESTEVEZ to be prosecuted without any probable cause until the charges were dismissed on or about October 15, 2021.

39. As a result of the foregoing, plaintiff EDWIN HIDALGO ESTEVEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 Against the Individually Named Defendants)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants created false evidence against plaintiff EDWIN HIDALGO ESTEVEZ.

42. Defendants utilized this false evidence against plaintiff EDWIN HIDALGO ESTEVEZ in legal proceedings.

43. As a result of defendants' creation and use of false evidence, plaintiff EDWIN HIDALGO ESTEVEZ suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

44. As a result of the foregoing, plaintiff EDWIN HIDALGO ESTEVEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(<u>Failure to Intervene under 42 U.S.C. § 1983 Against the Individually Named Defendants</u>)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants had an affirmative duty to intervene on behalf of plaintiff EDWIN HIDALGO ESTEVEZ, whose constitutional rights were being violated in their presence by other officers.

47. The defendants failed to intervene to prevent the unlawful conduct described herein.

48. As a result of the foregoing, plaintiff EDWIN HIDALGO ESTEVEZ'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

49. As a result of the foregoing, plaintiff EDWIN HIDALGO ESTEVEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(<u>Supervisory Liability under 42 U.S.C. § 1983 Against the Individually Named Supervisor Defendants</u>)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

52.     As a result of the foregoing, plaintiff EDWIN HIDALGO ESTEVEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, engaging in inadequate investigations and manufacturing evidence.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff EDWIN HIDALGO ESTEVEZ' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

56.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff EDWIN HIDALGO

9

ESTEVEZ.

57. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff EDWIN HIDALGO ESTEVEZ as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff EDWIN HIDALGO ESTEVEZ as alleged herein.

59. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff EDWIN HIDALGO ESTEVEZ was unlawfully arrested and maliciously prosecuted.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff EDWIN HIDALGO ESTEVEZ' constitutional rights.

61. All of the foregoing acts by defendants deprived plaintiff EDWIN HIDALGO ESTEVEZ of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

    B. To be free from the failure to intervene;

    C. To be free from malicious prosecution; and

    D. To be free from deprivation of his right to fair trial.

62. As a result of the foregoing, plaintiff EDWIN HIDALGO ESTEVEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(N.Y.C. Administrative Code §§ 8-801 through 8-807 against Defendant City)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Plaintiff EDWIN HIDALGO ESTEVEZ'S rights to be free from false arrest, malicious prosecution, and to receive a fair trial, were violated by the conduct of the defendants in violation of New York City Administrative Code § 8-801 through 8-807.

65. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

66. Qualified immunity is no defense to this claim.

67. As a result of the foregoing, plaintiff EDWIN HIDALGO ESTEVEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff EDWIN HIDALGO ESTEVEZ demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
September 20, 2024

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff
> EDWIN HIDALGO ESTEVEZ
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By: *Brett Klein*
>       BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

EDWIN HIDALGO ESTEVEZ,

                        Plaintiff,

        Docket No.

     -against-

CITY OF NEW YORK, DANIEL FOX, Individually,
JORGE RODRIGUEZ, Individually, ROBERT LAPOLLO,
Individually, DAVID WALSH, Individually,
BRADFORD MILLER, Individually, JOHN MCMANUS,
Individually, and OLIVER PU-FOLKS, Individually,

                        Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132